STEVEN J. COLOGNE, ESQ. (Bar No. 118534)
scologne@higgslaw.com
CHARLES F. REIDELBACH JR., ESQ. (Bar No.167482)
reidelbach@higgslaw.com
ROGER W.R. CLAYTON, ESQ. (Bar No. 298819)
claytonr@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Plaintiff,
HOBIE CAT COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOBIE CAT COMPANY, a Missouri corporation,<br><br>Plaintiff,<br><br>v.<br><br>PEAK SAILS NA, a sole proprietorship; CHRISTOPHER STEVENS, an individual; ARTHUR W. KELLY III, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. '16CV1104 LAB JMA<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF BASED UPON:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT DUE TO COUNTERFEIT OR COLORABLE IMITATION OF A FEDERALLY REGISTERED MARK UNDER 15 U.S.C. § 1114** *ET SEQ.*;<br><br>**(2) FEDERAL UNFAIR COMPETITION DUE TO FALSE DESIGNATION, ORIGIN, AND/OR SPONSORSHIP UNDER 15 U.S.C. § 1125(a);**<br><br>**(3) FEDERAL DILUTION OF FAMOUS TRADEMARK UNDER 15 U.S.C. § 1125(c);**<br><br>**AND**<br><br>**(4) CALIFORNIA UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CAL. BUS. & PROF. CODE§§ 17200 AND 17500,** *ET SEQ.*<br><br>**DEMAND FOR JURY TRIAL** |

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

7459876.1

Plaintiff HOBIE CAT COMPANY, a Missouri corporation, (hereinafter "Plaintiff" or "Hobie Cat") complains and alleges as follows against Defendants PEAK SAILS NA (hereinafter "Peak Sails"), CHRISTOPHER STEVENS (hereinafter "Stevens"), ARTHUR W. KELLY III (hereinafter "Kelly"), and Does 1-10 inclusive.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby requests a trial by jury in this case, pursuant to Rule 38, Federal Rules of Civil Procedure.

## THE NATURE OF THE ACTION

1. Plaintiff brings this civil action to redress Defendants' misappropriation of Plaintiff's intellectual property and brand in a manner that is confusing to the public and tarnishes Plaintiff's reputation. Accordingly, Plaintiff brings this action at law and equity for trademark infringement, arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, and the Anti-cybersquatting Consumer Protection Act of 1999 ("ACPA") (collectively, the "Lanham Act"), and unfair trade practices under the California Business and Professions Code Section 17200 *et seq.* Plaintiff also seeks Injunctive Relief and Punitive Damages.

## THE PARTIES

2. The Hobie Cat Company ("Hobie Cat" or "Plaintiff") is a Missouri Corporation with its primary place of business in Oceanside, California. Plaintiff's primary business involves the manufacture and distribution of watercraft, sails, and watercraft accessories worldwide among a variety of other products and services.

3. Upon information and belief, Peak Sails NA, is a sole proprietorship doing business in San Diego County, California, with a principal place of business located at 1650 Tysons Blvd., McLean, Virginia 22102. Peak Sails

holds itself out to the public as "North America's Largest Independent Sailmaker."

4. Upon information and belief, Peak Sail's primary business involves the manufacture and distribution of counterfeit or knockoff replacement sails for various manufacturers' watercraft. Upon information and belief, Defendant Peak Sails conducts business via the internet on websites including, but not limited to: www.peaksailsna.com.

5. Upon information and belief, Defendant Christopher Stevens is an individual residing in McLean, Virginia. Upon information and belief, at all relevant times, Defendant Stevens wholly or partially owned, operated, managed, supervised or was otherwise responsible for the daily operations and decisions of Co-Defendant Peak Sails NA. Upon information and belief, Defendant Peak Sails is controlled in part or in whole by Defendant Stevens, and the obligations of Defendant Stevens are also the obligations of Defendant Peak Sails.

6. Upon information and belief, Defendant Arthur Wright Kelly III is an individual residing in Castle Rock, Colorado. Upon information and belief, at all relevant times, Defendant Kelly wholly or partially owned, operated, managed, supervised or was otherwise responsible for the daily operations and decisions of Co-Defendant Peak Sails NA. Upon information and belief, Defendant Peak Sails is controlled in part or in whole by Defendant Kelly, and the obligations of Defendant Kelly are also the obligations of Defendant Peak Sails.

7. Upon information and belief, Defendants Stevens and Kelly organized Peak Sails in order to unfairly compete with Plaintiff by reproducing Plaintiff's trademarks and making and selling counterfeit sails bearing Plaintiff's trademarks, including but not limited to the "Hobie" word trademark and the "Stylized H" trademark (collectively the "Hobie Marks").

8. Upon information and belief, there is no separation between Defendants Stevens, Kelly and Peak Sails, and it would be inequitable if Peak

Sails or Stevens or Kelly were not a party to this action. Upon information and belief, Peak Sails is a device by which Stevens and Kelly misappropriate Plaintiff's trademarks.

9. Defendants Stevens, Kelly and Peak Sails when referred to collectively, shall be referred to as "Defendants."

10. Upon information and belief, Defendants have established the email address CustomerService@PeakSails.com.

11. The identities of Does 1-10 are not known, but upon information and belief are associated with Defendants identified above. Plaintiff will identify these Doe Defendants upon further knowledge and investigation.

12. Plaintiff is informed and believes and on that basis alleges that, at all times mentioned in this Complaint, each of the Defendants was the agent and/or alter ego of each of the other Defendants and, in doing the things alleged in this Complaint, were acting within the course and scope of any such agency.

## **JURISDICTION**

13. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and 15 U.S.C. §§ 1116 and 1121. This Court has supplemental jurisdiction over Plaintiffs' claims brought under the laws of the State of California pursuant to 28 U.S.C. § 1367, because those claims form part of all the same case or controversy and derive from a common nucleus of operative facts as Plaintiff's claims brought under federal law.

14. The Court has personal jurisdiction over Defendants because the causes of action asserted herein arise out of conduct undertaken by Defendants in San Diego County, California. Additionally, Defendant Peak Sails has a continuous, systematic, and substantial presence within this judicial district. Those activities include regularly conducting and soliciting business and deriving revenue from goods and services sold in and to individuals in this judicial district, including, but not limited to, directly offering for sale, selling, and

directly shipping in and into this judicial district the sails at issue to consumers. (A true and correct copy of Defendants' web page depicting "Where You Will Find Our Sails" is attached hereto and incorporated by reference as **Exhibit A**.)

## VENUE

15. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) (2) - (d), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

### Plaintiff's Use and Ownership of the "Hobie" Word Trademark, the "Stylized H" Trademark and Similar Marks.

16. Plaintiff Hobie Cat is the owner of a number of United States Trademark Registrations for the Hobie Marks, including, but not limited to, those shown in the table below. Plaintiff began using the Hobie Marks at least as early as 1968. Plaintiff is the owner of over 335 other related trademarks worldwide. The registrations are now valid and have not been abandoned, canceled or revoked. (True and correct copies of the registration certificates and applications are attached hereto and incorporated by reference as **Exhibit B**.)

17.

| Mark | Registration No. | Registration Date |
|---|---|---|
| Stylized H | 1,071,373 | August 16, 1977 |
| Stylized H | 2,082,061 | July 22, 1997 |
| Stylized H | 2,112,683 | November 11, 1997 |
| HOBIE | 1,069,802 | July 19, 1977 |
| HOBIE | 2,084,524 | July 29, 1997 |
| HOBIE | 2,086,296 | August 5, 1997 |
| HOBIE | 2,111,068 | November 4, 1997 |

| HOBIE and Design | 3,579,833 | February 24, 2009 |
| HOBIE (Stylized) | 3,579,832 | February 24, 2009 |

18. Plaintiff has been in the business of manufacturing, distributing and marketing watercraft, sails, and related merchandise under the Hobie Marks and "Hobie Cat" at least since 1968.

19. Due to the innovative nature and popularity of its products, Plaintiff developed into a multi-national watercraft company.

20. Plaintiff was the first to use the Hobie Marks in connection with the manufacture, sale, distribution and marketing of watercraft and related accessories, and has long advertised and promoted the Hobie Marks throughout the United States and worldwide.

21. The Hobie Marks are widely recognized by consumers worldwide, including sailors, surfers and kayakers of all skill levels and demographics.

22. Since 1968, Plaintiff has consistently and continuously used the registered Hobie Marks in commerce to designate its sails and other merchandise, which is identifiable by a trademark instantly recognized in the sailing and watercraft community and to the general consuming public.

23. The Hobie Marks are entitled to the highest level of protection afforded by law.

24. The Hobie Marks are immediately associated with Plaintiff in the minds of consumers, the public and the trade.

25. Plaintiff and its predecessors have used the Hobie Marks for many years on and in connection with Plaintiff and its watercraft related products and other merchandise.

26. The Hobie Marks identify high quality products originating with Plaintiff.

<s>...</s>

27. Plaintiff spends substantial sums of money to develop its marketing channels and authorized dealer network, including its website, for the sale of watercraft products and accessories branded with Plaintiff's Hobie Marks. Plaintiff has also made substantial financial investments in the manufacture, distribution, marketing, promotion and advertising of its merchandise, as well as the maintenance and operations of its production facilities, distribution centers, administrative offices and retail stores.

28. As a result of its unique branding, patented products, designs and product appeal, Plaintiff has developed a successful business both through its distribution network, affiliate stores and through its online website. The Hobie Marks have acquired secondary meaning so that any product and advertisement bearing the Hobie Marks is immediately associated by consumers, the public and trade as being a product and affiliate of Plaintiff. Plaintiff has gone to great lengths to protect its name and to enforce the Hobie Marks.

29. The Hobie Marks are in full force and effect and incontestable pursuant to 15. U.S.C. § 1065.

### Defendants' Use of Plaintiffs' Trademarks

30. In a "Press Release" dated January 12, 2013, Defendants assert that Peak Sails NA is a new entity that "had been incorporated in the state of Nevada," and had acquired Peak Sails, LLC. (A true and correct copy of a Peak Sails "Press Release" dated January 12, 2013 is attached hereto and incorporated by reference as **Exhibit C**; a true and correct copy of Peak Sails, LLC's Articles of Organization filed with the Nevada Secretary of State and dated February 10, 2012 is attached hereto as **Exhibit D**.)

31. Upon information and belief, long after Plaintiff first began to use, and registered, the Hobie Marks, Defendants began selling merchandise with the Hobie Marks including the "Hobie" word trademark and the "Stylized H" trademark. Defendants began selling, and continue to sell, counterfeit

aftermarket sails bearing the Hobie Marks. Upon information and belief, Defendants advertise and market counterfeit aftermarket sails for Plaintiff's Hobie 14, Hobie 16, Hobie 17, Hobie 18, Hobie 18SX, Hobie 21SE, Hobie Getaway and Hobie Wave sailboats on the website www.PeakSailsNA.com. Defendants' counterfeit sails are identified on Defendants' website using various Hobie Marks (Hobie 14, Hobie 16, etc.), and the counterfeit sails themselves display the Plaintiff's Stylized H Mark. Defendants' sails are in fact manufactured and sold with the Stylized H trademark. Defendants also display a video showing a boat sailing with the counterfeit sail. (True and correct copies of Defendants' webpages advertising and marketing aftermarket sails for Plaintiff's Hobie 14, Hobie 16, Hobie 17, Hobie 18, Hobie 18SX, Hobie 21SE, Hobie Getaway and Hobie Wave sailboats are attached hereto and incorporated by reference as **Exhibit E**; a true and correct copy of a Peak Sails webpage depicting Plaintiff's Hobie 33 sailboat sailing with a Peak sails sail containing the Hobie Mark is attached as **Exhibit F;** a true and correct copy of a Peak Sails sales receipt and corresponding Peak Sails sail featuring the Hobie Marks is attached as **Exhibit G.**)

32. Peak Sails aftermarket sails bear the Hobie Marks, and such Marks are indistinguishable from Plaintiff's registered trademarks.

33. Plaintiff's counsel discovered that WHOIS information for the website www.peaksailsna.com lists Christopher Stevens as the administrative contact along with the email address customerservice@peaksails.com. (A true and correct copy of the printout of the registered contact information for the www.peaksailsna.com domain name from ICANN WHOIS is attached hereto and incorporated by reference as **Exhibit H.**)

34. On December 1, 2015, Plaintiff sent a cease and desist letter to Defendants addressing Defendants' trademark infringement. (A true and correct copy of Plaintiff's December 1, 2015 cease and desist letter and Defendants'

response is attached hereto and incorporated by reference as **Exhibit I**.)

35. In response to Plaintiff's cease and desist letter, Defendant Stevens erroneously stated, "Utilization of a company name or insignia to manufacture and sell aftermarket products in no way infringes upon a trademark." Stevens proceeded to threaten a retaliatory lawsuit against Plaintiff for unknown causes of action. (**Exhibit I**.)

36. On March 14, 2016, Plaintiff's counsel sent a second cease and desist notice to Defendants, again addressing their trademark infringement. (A true and correct copy of Plaintiff's March 14, 2016 cease and desist letter and Defendants' response is attached hereto and incorporated by reference as **Exhibit J**.)

37. In response to Plaintiff's second cease and desist letter, Defendant Stevens again refused to comply with Plaintiff's demand that Defendants' cease all unauthorized use of the Hobie Marks. (**Exhibit J**.)

38. Defendants have refused to stop their infringing behavior and continue to produce, distribute, market and advertise aftermarket counterfeit sails bearing one or more of the Hobie Marks.

39. Defendants' acts are calculated to confuse and deceive the public and are performed with full knowledge of Plaintiff's rights.

40. Defendants are not, and have never been, affiliated with or licensed by Plaintiff.

41. Plaintiff has never authorized Defendants' use of the Hobie Marks. By counterfeiting and infringing on the Hobie Marks, Defendants are trading on the goodwill and reputation of Plaintiff.

42. The use by Defendants of the Hobie Marks is likely to cause consumers and the general public to erroneously believe that Defendants' goods originate from Plaintiff.

43. This confusion causes irreparable harm to Plaintiff and diminishes the quality of the Hobie Marks.

44. Defendants have been unjustly enriched by illegally misappropriating Plaintiff's intellectual property for financial gain. Defendants have unfairly benefited from Plaintiff's reputation and its significant promotion of Hobie branded sails and other merchandize.

45. Plaintiff has no control over the nature and quality of the products sold by Defendants which are counterfeits or colorable imitations of Plaintiff's authentic and original products.

46. Upon information and belief, Defendants have willfully and maliciously engaged in counterfeiting and infringing activities. As a result, this case constitutes an exceptional case under 15 U.S.C. § 1117(a) and/or a case of intentional counterfeiting under 15 U.S.C. § 1117(b).

47. Plaintiff has suffered irreparable harm and damages in an amount thus far not determined.

48. The injuries and damages sustained by Plaintiff are directly and proximately caused by Defendants' wrongful manufacture, marketing, promotion, distribution and sale of goods bearing infringements and/or counterfeits of the Hobie Marks.

49. Plaintiff has no adequate remedy at law.

50. Defendants' wrongful activities will continue unless enjoined. Accordingly, defendants must be enjoined from any further counterfeiting or infringement of the Hobie Marks.

**FIRST CAUSE OF ACTION: FEDERAL TRADEMARK INFRINGEMENT DUE TO COUNTERFEIT OR COLORABLE IMITATION OF A FEDERALLY REGISTERED MARK UNDER 15 U.S.C. § 1114 *ET SEQ.***

**(As to All Defendants)**

51. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. Defendants' unauthorized use of Plaintiff's Hobie Marks and related

activities as alleged above, and in connection with the manufacture and sale of counterfeit sails infringes upon Plaintiff's rights under the Lanham Act in such marks by showing a bad-faith intent to profit from Plaintiff by using the Hobie Marks in a confusingly similar manner and/or in a manner dilutive of Plaintiff's Trademarks. Defendants' acts therefore violate 15 U.S.C § 1114 *et seq*. As set forth above, Plaintiff has previously notified Defendants of their obligation to cease use of Plaintiff's Hobie Marks and to discontinue all infringement. Defendants have failed to do so. Accordingly, Defendants' infringement is intentional and willful, or if not intentional and willful, then reckless, or, at the very least negligent. Further, Defendants' wrongful acts, described herein, in connection with the ongoing infringement, are causing irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

53. As a result of Defendants' intentional and willful, or reckless and/or negligent trademark infringement, Plaintiff has suffered and is entitled to damages in an amount to be proven at trial, including, but not limited to, actual monetary damages or statutory damages, preliminary and permanent injunctive relief, costs and attorneys' fees.

54. Plaintiff has no adequate remedy at law, and if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation. Plaintiff has suffered and continues to suffer immediate and irreparable harm due to Defendants' continual actions.

55. Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the Hobie Marks on goods covered by registrations for the Hobie Marks.

56. Defendants have knowingly used false designations of the Hobie Marks, without Plaintiff's consent, in connection with the manufacture, advertising, promotion, distribution and sale of Defendants' goods.

57. Defendants' unauthorized manufacture, promotion, distribution and

sale of Defendants' goods constitute use of the Hobie Marks in commerce.

58. Defendants' unauthorized use of the Hobie Marks as set forth above, is likely to: (a) cause confusion, mistake and deception; (b) cause the public to believe that Defendants' products are the same as Plaintiff's products or that Defendants are affiliated with Plaintiff; and (c) result in Defendants unfairly benefiting from Plaintiff's trademarks, goodwill and reputation all to the substantial and irreparable injury to the public.

59. Defendants' acts are both willful and malicious.

60. Plaintiff has no adequate remedy at law, and if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation. Plaintiff has suffered and continues to suffer immediate and irreparable harm due to Defendants' continual actions.

61. By reason of the foregoing, Defendants are liable to Plaintiff for: (a) actual damages and profits; (b) statutory damages in the amount of up to $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed as the Court considers just pursuant to 15 U.S.C. § 1117(c)(2); (c) injunctive relief pursuant to 15 U.S.C. § 1116(a); (d) treble damages sustained by Plaintiff or Defendants' profits, whichever is greater, plus reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(b); and (e) the Court order that any infringing articles bearing the counterfeit of the registered Hobie Marks be destroyed pursuant to 15 U.S.C. § 1118.

## SECOND CAUSE OF ACTION: FEDERAL UNFAIR COMPETITION DUE TO FALSE DESIGNATION, ORIGIN, AND/OR SPONSORSHIP UNDER 15 U.S.C. § 1125(a)
**(As to All Defendants)**

62. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63. Defendants' actions described above and specifically, without limitation, Defendants' use of the Hobie Marks, and confusingly similar

variations thereof, in commerce to advertise, market, and sell Peak Sails products throughout the United States, including California, constitutes unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

64. Consumers are likely to be misled and deceived by Defendants' representations regarding Peak Sails products bearing the Hobie Marks.

65. Defendants knew or should have known that their representations were and are false or likely to mislead.

66. As an actual and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendants are enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation and goodwill. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendants' Lanham Act violations, an accounting for profits made by Defendants on sales of products bearing the Hobie Marks or confusingly similar variations thereto, as well as recovery of the costs associated with this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION: FEDERAL DILUTION OF FAMOUS TRADEMARK UNDER 15 U.S.C. § 1125(c)
**(As to All Defendants)**

67. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68. The Hobie Marks are very strong and distinctive, have long been used in connection with the sails, watercraft, surfboards, and other goods on which it appears, has long been the subject of substantial advertising and promotion, has been used and advertised throughout the United States and worldwide, is widely

recognized by consumers and those in the trade, is in substantially exclusive use by Plaintiff and is federally registered, as alleged above. Plaintiff's Hobie Marks are recognized by the general consuming public of the United States and worldwide as a designation of source for the goods of Plaintiff and are therefore famous marks. The acts of Defendants' alleged herein were commenced from a time after Plaintiff's marks became famous.

69. The actions of Defendants described above and specifically, without limitation, their unauthorized use of the famous Hobie Marks, and confusingly similar variations thereof, in commerce, to advertise, market, and sell Defendant Peak Sails products throughout the United States, including California, are likely to cause dilution by blurring and tarnishment in violation of 15 U.S.C § 1125(c).

70. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the Hobie Marks, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c).

71. Upon information and belief, the actions of Defendants described above were and continue to be deliberate and willful. Plaintiff is therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales of products bearing the Hobie Marks or confusingly similar variations thereof, and the costs of this action pursuant to 15 U.S.C. § 1117.

### FOURTH CAUSE OF ACTION: CALIFORNIA UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CAL. BUS. & PROF. CODE §§ 17200 AND 17500, *ET SEQ.*
(As to All Defendants)

72. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through

71 of the Complaint as if fully set forth herein.

73. Defendants' actions described above and specifically, without limitation, Defendants' use of the Hobie Marks and confusingly similar variations thereof, in commerce to advertise, market, and sell Peak Sails products throughout the United States, including California, constitutes unfair competition and false advertising in violation of the laws of the State of California.

74. By these actions, Defendants have engaged in false advertising and unfair competition in violation of the statutory law of the State of California, Cal. Bus. & Prof. Code §§ 17200 and 17500, *et seq.*, and, as a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

75. As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendants are enjoined, Plaintiffs will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

76. Wherefore, Plaintiff prays for judgment against Defendants as follows:

77. For an order deeming the Hobie Marks and registrations valid and willfully infringed by Defendants in violation of 15 U.S.C. §§1114 *et seq.*

78. That a preliminary and permanent injunction be issued against Defendants, its officers, agents, servants, employees, representatives, successors, assigns, and all persons, firms, or corporations in active concert or participation with Defendants, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

   a. Using the Hobie Marks or any confusingly similar mark or counterfeit mark that is likely to create the erroneous impression

that Defendants' goods and/or services originate from Plaintiff, are endorsed by Plaintiff, or are connected to Plaintiff in any way to market, advertise, promote, sell, offer for sale, provide, and/or identify Defendants' goods or services;

  b. Manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any good or services using any of the Hobie Marks and/or any confusingly similar marks;

  c. Otherwise infringing upon the Hobie Marks and/or any of Plaintiff's other trademarks;

  d. Falsely designating the origin of Defendants' good and/or services;

  e. Unfairly competing with Plaintiff in any manner; and

  f. Causing a likelihood of confusion or injuries to Plaintiff's business reputation.

79. That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. §1116;

80. That, due to the exceptional nature of this case and Defendants' deliberate and malicious actions, this Court award to Plaintiff all reasonable attorneys' fees, costs, and disbursements incurred as a result of this action, pursuant to 15 U.S.C. §1117;

81. That Plaintiff be awarded damages for Defendants' trademark infringement pursuant to 15 U.S.C. §1117 in the form of Defendants' profits, damages sustained by Plaintiff, and the costs of the action together with pre-judgment and post-judgment interest;

82. That Defendants' acts of trademark infringement, false designation of origin, counterfeit and unfair competition complained of in this Complaint be

deemed willful, and that Plaintiff be entitled to enhanced damages;

83. That Defendants be adjudged to have willfully and maliciously infringed upon the Hobie Marks in violation of Plaintiff's rights under California law;

84. That Defendants be adjudged to have competed unfairly with Plaintiff under California Business & Professions Code §17200 *et seq.*, and that Defendants' actions in so doing be adjudged willful and done knowingly;

85. That an accounting be ordered to determine Defendants' profits resulting from its infringement, unfair competition, and false designation of origin, and that Plaintiff be awarded monetary relief in an amount to be fixed by the Court as it finds just as an equitable remedy, including:

   g. All profits received by Defendants from sales and revenues of any kind made as a result of infringing actions, said amount to be trebled;

   h. All damages sustained by Plaintiff as a result of Defendants' acts of infringement, unfair competition, and false designation of origin, and that such damages be trebled; and

   i. Punitive damages stemming from Defendants' willful, intentional, and malicious acts;

86. That such damages and profits be trebled against Defendants and awarded to Plaintiff pursuant to 15 U.S.C. §1117;

87. That Plaintiff be awarded statutory damages in the amount of up to $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed as the Court considers just pursuant to 15 U.S.C. § 1117(c)(2);

88. That any infringing articles bearing the counterfeit of the registered Hobie Marks be destroyed pursuant to 15 U.S.C. § 1118;

89. That Plaintiff recover exemplary damages from Defendants pursuant to California Civil Code §3294;

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

7459876.1

17

90. That Plaintiff recover from Defendants the costs of this civil action, including reasonable attorneys' fees;

91. An award of pre-judgment and post-judgment interest and costs of this action against Defendants; and

92. Such other and further relief as this Court may deem just and proper.

DATED: May 6, 2016                        HIGGS FLETCHER & MACK LLP


By: *s/ Steven J. Cologne*
STEVEN J. COLOGNE, ESQ.
CHARLES F. REIDELBACH, ESQ.
ROGER W. R. CLAYTON, ESQ.
Attorneys for Plaintiff
HOBIE CAT COMPANY

Email:   scologne@higgslaw.com
         reidelbach@higgslaw.com
         claytonr@higgslaw.com

7459876.1                         18